IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN WODZINSKI, Individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> COX SECURITY GROUP, INC. and MARSHALL COX, JR., <br><br> *Defendants.* | Civil Action No. 2:17-cv-404 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) <br><br> CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

John Wodzinski brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Cox Security Group, Inc. and Marshall Cox, Jr. (collectively the "Defendants") and were paid a day rate and no overtime during the past three years and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b) and pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This lawsuit, to recover overtime wages, includes a collective action brought pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*, and a class action brought pursuant to the Ohio Acts and Federal Rule of Civil Procedure 23.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants within the last three years and through the final disposition of this matter, and were paid a day rate for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. The FLSA and the Ohio Acts require that all non-exempt employees receive compensation for time spent working on their employer's behalf and time and one half for all hours worked over forty in a regular workweek.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

5. Plaintiff and the Putative Class Members were not paid for all hours worked, and they were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Ohio Acts.[1] Specifically, Plaintiff and the Putative Class Members performed manual and routine labor type job duties in the oilfield.

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Ohio Acts as a class action pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiff prays that all similarly situated workers (FLSA Collective Members, as defined below in Paragraph 31) be promptly notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23 class is certified (the Ohio Acts Class, as defined below in Paragraph 39) and that the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

12. Plaintiff John Wodzinski worked for Defendants within the meaning of the FLSA and the Ohio Acts in Harrison County, Ohio, which is within this judicial district and during the relevant three-year period. Plaintiff Wodzinski did not receive overtime compensation of at least one and one-half his regular rate for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Putative Class Members include those current and former employees who worked for Defendants in the past three years and through the final disposition of this matter, and

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993) and *Davis v. Mountaire Farms, Inc.,* 453 F.3d 554, 556 (3d Cir. 2006) *(further citation omitted); see also Graham v. Harbour*, 20 Ohio App.3d 293, 297, 486 N.E.2d 184 (10th Dist.1984) ("Recognizing the remedial purpose of both the federal FLSA and OMFWSA, and that exemptions from coverage under the act should be narrowly construed, the Tenth Appellate District held that the employer—not the employee—"has the burden of proving" non-coverage or exemption).

[2] The written consent of John Wodzinski is attached hereto as Exhibit "A."

have been subjected to the same illegal pay system under which Plaintiff Wodzinski worked and was paid.

14. The Putative Class Members include: the FLSA Collective Members, as defined in Paragraph 31, who worked in various locations across the United States of America; and the Ohio Acts Class Members, as defined in Paragraph 39, who worked in Ohio.

15. Cox Security Group, Inc. is a West Virginia corporation and may be served through its registered agent for service of process: Marshall Cox, Jr., 188 Glenn Falls Road, Clarksburg, West Virginia, 26301.

16. Marshall Cox, Jr., is an individual resident of West Virginia, and the President and Treasurer of Cox Security Group, Inc., and may be served at his place of employment at 188 Glenn Falls Road, Clarksburg, West Virginia, 26301.

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Cox Security Group, Inc. and Plaintiff and the Putative Class Members. Specifically, Defendant Marshall Cox, Jr. sets the work schedules and work locations for Plaintiff and the Putative Class Members, is responsible for hiring Plaintiff and the Putative Class Members, sets a day rate, and the amount of the day rate, as compensation for Plaintiff and the Putative Class Members, and maintains the employment records for Plaintiff and the Putative Class Members. As a result, Cox Security Group, Inc. and Marshall Cox, Jr. are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and the Ohio Acts, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

19. This Court has supplemental jurisdiction over the Ohio Acts claims pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

21. Venue is proper in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

22. Specifically, Defendants have maintained a working presence throughout this District and Division as Plaintiff and the Putative Class Members regularly worked in Harrison County, Ohio.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

24. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any

closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

27. During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

28. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

29. Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Defendants and were engaged in security services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

30. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

31. The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for Cox Security Group, Inc. and Marshall Cox, Jr. at any time in the last three years and through the final disposition of this matter, and were paid a day rate for all hours worked, but did not receive overtime for all hours worked over forty (40) in each workweek" (the "FLSA Collective" or "FLSA Collective Members").

32. The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## OHIO ACTS COVERAGE

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The Ohio Acts Class is defined as in Paragraph 39, below.

35. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

36. At all times hereinafter mentioned, Plaintiff and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

37. Plaintiff and the Ohio Acts Class Members were or have been employed by Defendants for the three years preceding this complaint through the final disposition of this matter, and have been covered employees entitled to the protections of the Ohio Acts and were **_not exempt_** from the protections of the Ohio Acts.

38. Defendants are not exempt from paying overtime benefits under the Ohio Acts.

39. The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to Federal Rule of Civil Procedure 23, is defined as "all current and former employees who worked for Cox Security Group, Inc., and Marshall Cox, Jr. in Ohio and at any time in the last years and through the final disposition of this matter, and were paid a day rate for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek" (the "Ohio Acts Class" or "Ohio Acts Class Members").

40. The precise size and identity of the proposed Ohio Acts Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

# VI.
# FACTS

41. Defendant Cox Security Group, Inc. ("CSG") is based in Clarksburg, West Virginia and provides a wide variety of security-based services.[3] Specifically, Defendant CSG provides security services for the following: labor disputes, logistical support, security services, executive protection, and crisis management.[4]

42. Defendant Marshall Cox, Jr. is a joint employer, along with Defendant CSG, pursuant to 29 C.F.R. § 791.2.

43. Additionally, Defendants directly or indirectly hired Plaintiff and all other similarly situated employees, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

44. Defendants maintained control, oversight, and direction over Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

45. Defendants mutually benefitted from the work performed by Plaintiff and other similarly situated employees.

46. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and other similarly situated employees.

47. Defendants shared the services of Plaintiff and other similarly situated employees.

48. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and other similarly situated employees.

---

[3] http://www.coxsecuritygroup.com/asset_protection.php

[4] *Id.*

49. Specifically, Defendant Marshall Cox, Jr. dictates the job duties and responsibilities and what pressing or tactical items need to be done in order to meet the goals of Defendant CSG or their clients.

50. Moreover, all Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

51. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

52. Defendants currently have security operations throughout the State of Ohio.[5]

53. To provide their services, Defendants employed numerous workers—all of those similarly situated individuals make up the putative FLSA Collective, which includes all of those similarly situated individuals that worked in Ohio and make up the Ohio Acts Class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield.

54. Plaintiff Wodzinski worked for Defendants as a Security Officer in Harrison County, Ohio and West Virginia from approximately December 2014 through June 2015.

55. Plaintiff and the Putative Class Members' primary job duties included maintaining a secure perimeter by controlling access to and from the well site, checking the credentials of those individuals seeking access to the well site, maintaining an accurate log for those individuals who accessed the well site, and generally ensuring that the well site was secure.

---

[5] http://www.coxsecuritygroup.com/index.php.

56. Plaintiff and the Putative Class Members were required to perform their day-to-day tasks within designated parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

57. Plaintiff and the Putative Class Members' daily and weekly activities were routine, primarily manual in nature, and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Specifically, Plaintiff and the Putative Class Members would work on site at potentially remote well site locations for one to two weeks at a time providing security services for Defendants and their clients.

58. Virtually every job function was pre-determined by Defendants and/or their clients, including the tools to use at a job site, the schedule of work, and related work duties.

59. Plaintiff and the Putative Class Members were actually prohibited from varying their job duties outside of these predetermined parameters.

60. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual in nature, requiring little to no official training, much less a college education or other advanced degree.

61. Indeed, Plaintiff and the Putative Class Members are blue-collar workers.

62. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

63. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of the Defendants' business or of the businesses of Defendants' customers.

64. Plaintiff and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) hours per day and they regularly worked a minimum of 84 hours per week.

65. Plaintiff and the Putative Class Members received a day rate intended to compensate them for all hours worked in a day.[6]

66. The FLSA and the Ohio Acts mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

67. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

68. Under the Ohio Acts, overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

69. Pursuant to 29 C.F.R. § 778.112, Defendants should have calculated Plaintiff and the Putative Class Members' overtime compensation by dividing their total compensation for the week by the total number of hours worked to obtain their regular rate of pay. Defendants then should have paid one-half of their regular rate for each overtime hour worked. However, Defendants did not pay any overtime compensation to Plaintiff and the Putative Class Members.

70. Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

71. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received any overtime compensation.

72. Instead of paying any overtime, Defendants applied this pay practice despite clear and controlling law that states that non-exempt employees are entitled to overtime compensation, when paid a day rate or otherwise.

73. Accordingly, Defendants' pay policies and practices blatantly violated the FLSA and the Ohio Acts.

---

[6] Though Plaintiff and the Putative Class Members received a day rate for the work performed at well sites, Plaintiff and the Putative Class Members were not compensated for the travel to the client's location in Ohio from the Cox Security Group, Inc. facility in Clarksburg, West Virginia.

# VII.
# CAUSES OF ACTION

## COUNT ONE
### (Collective Action Alleging Violations of the FLSA)

**A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

74. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

75. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation in workweeks in which Plaintiff and the FLSA Collective worked more than 40 hours. 29 U.S.C. § 255(a).

76. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

77. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

78. The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

79. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorney's fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

80. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

81. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

82. The FLSA Collective is defined in Paragraph 31, above.

83. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the FLSA Collective Members.

84. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

85. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

86. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

87. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

88. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

89. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt

security officers entitled to overtime at time and one-half of their regular rates after working more than forty (40) hours in a week.

90. Defendants employed a substantial number of workers during the past three years and are expected to continue to employ a substantial number of workers through the final disposition of this matter.

91. Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

92. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

93. The FLSA Collective should be certified as defined in Paragraph 31, above.

## COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

94. All previous paragraphs are incorporated as though fully set forth herein.

95. The OMFWSA requires that employees, including Plaintiff and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over 40 per week.

96. The OPPA requires that the Defendants pay Plaintiff and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

97. Plaintiff and the Ohio Acts Class Members were or have been employed by Defendants from three years preceding this complaint through the final disposition of this matter, and have been covered employees entitled to the protections of the Ohio Acts.

98. Defendants are joint employers covered by the requirements set forth in the Ohio Acts.

99. Plaintiff and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

100. Plaintiff and the Ohio Acts Class Members worked more than 40 hours in workweeks during times relevant to this case, however, Defendants violated the Ohio Acts by failing to pay Plaintiff and other Ohio Acts Class Members overtime compensation for hours worked over 40 per week.

101. Plaintiff and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

102. The wages of Plaintiff and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

103. Plaintiff and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

104. In violating the Ohio Acts, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable Ohio law.

105. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

### B. OHIO ACTS CLASS ALLEGATIONS

106. All previous paragraphs are incorporated as though fully set forth herein.

107. Plaintiff brings his Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Ohio from three years preceding this complaint through the final disposition of the matter.

108. Class action treatment of Plaintiff's Ohio Acts claim is appropriate because, as alleged herein, all of Rule 23's class action requisites are satisfied.

109. The number of Ohio Acts Members is, on information and belief, so numerous that joinder of all class members is impracticable.

110. Plaintiff is a member of the Ohio Acts Class and his claims are typical of the claims of other Ohio Acts Class Members.

111. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members.

112. Plaintiff and his counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

113. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. For example, Plaintiff was not paid overtime for all hours worked in excess of 40 in a workweek just as those of the Ohio Acts Class Members. The failure to pay overtime was the result of the company-wide conduct of Defendants.

114. Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 39, above.

# VII.
# RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Defendants, being jointly and severally liable, as follows:

A. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined above in Paragraph 31 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

C. For an Order certifying the Ohio Acts Class as defined in Paragraph 39, and designating Plaintiff as Representative of the Ohio Acts Class;

D. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified Ohio Acts Class Members back wages that have been improperly withheld;

E. For an Order pursuant to Section 16(b) of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiff, those FLSA Collective Members who have joined in the suit and the certified Ohio Acts Class Members, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff, those FLSA Collective Members who have joined in the suit and the certified Ohio Acts Class Members;

F. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified Ohio Acts Class Members the costs of this action;

G. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified Ohio Acts Class Members attorney's fees;

H. For an Order awarding Plaintiff, those FLSA Collective Members who have joined in the suit and the certified Ohio Acts Class Members pre-judgment and post-judgment interest at the highest rates allowed by law;

I. For an Order awarding Plaintiff a service award as permitted by law;

J. For an Order compelling the accounting of the books and records of Defendants;

K. For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA and the Ohio Acts, and requiring Defendants to comply with such laws going forward; and

L. For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 11th, 2017                Respectfully submitted,

By:    /s/ *Robi J. Baishnab*
Robi J. Baishnab (OH Bar No. 0086195)
Robert E. DeRose (OH Bar No. 005214)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 E. Broad St., 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Fax: (614) 744-2300
Email:  rbaishnab@barkanmeizlish.com
             rderose@barkanmeizlish.com

**Local Counsel**

/s/ *Clif Alexander*
**Clif Alexander** (*pro hac vice anticipated*)
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren Braddy** (*pro hac vice anticipated*)
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiff and Putative Class Members**