## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **JOHN WODZINSKI, Individually and on behalf** of all others similarly situated, | § § § Civil Action No. 2:17-cv-00404-JLG-KAJ |
| *Plaintiff,* | § § § **JURY TRIAL DEMANDED** |
| v. | § § **COLLECTIVE ACTION** |
| **COX SECURITY GROUP, INC., COX SECURITY GROUP, LLC and MARSHALL COX, JR.,** | § **PURSUANT TO 29 U.S.C. § 216(b)** § § **CLASS ACTION PURSUANT TO** |
| *Defendants.* | § **FED. R. CIV. P. 23** § |

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

THIS CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT (hereinafter referred to as "Agreement") is made and entered into by and between John Wodzinski ("Wodzinski") and Cox Security Group, Inc., Cox Security Group, LLC and Marshall Cox, Jr. ("Defendants"). The signatories to this Agreement will be referred to individually as a "Party" and together as the "Parties."

WHEREAS, on or about May 11, 2017, Wodzinkski, by and through his attorney, filed suit against Defendants in *Wodzinski v. Cox Security Group, Inc., Cox Security Group, LLC and Marshall Cox, Jr.*, Civ. A. No. 2:17-cv-00404, In the United States District Court for the Southern District of Ohio, Eastern Division, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.*;

WHEREAS, Defendants have not answered or otherwise appear herein.

WHEREAS, bona fide disputes and controversies exist between the Parties, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies, Wodzinski, on the one hand, and Defendants, on the other hand, desire to compromise and settle fully and finally, by the execution of this Agreement, all claims, disputes and causes of action of any kind whatsoever, whether known or unknown, which have arisen prior to, or at the time of, the execution of this Agreement, for any matter, including, but in no way limited to, any and all claims, controversies and causes of action arising out of or in connection with the alleged failure to pay overtime compensation to Wodzinski by Defendants, and any and all disputes now existing between the Parties;

NOW, THEREFORE, in full compromise, release and settlement, accord and satisfaction, and discharge of all claims or causes of action, known or unknown, possessed by or belonging to Wodzinski against Defendants, for and in consideration of the above recitals and

the mutual promises, covenants and agreements set forth herein, and the benefits flowing therefrom, and other good and valuable consideration, the adequacy of which the Parties hereby acknowledge, the Parties to this Agreement covenant and agree as follows:

1.  **Releasees.**

The term "Releasees" as used in this Agreement includes Cox Security Group, Inc., Cox Security Group, LLC, and Marshall Cox, Jr. and each of their past, present and future owners, officers, directors, servants, representatives, agents, administrators, attorneys, employees, shareholders, predecessors, successors, assigns, parents, subsidiaries, divisions, affiliated or related entities, insurers, and each of their past, present and future officers, directors, servants, representatives, agents, shareholders, administrators, attorneys and employees.

2.  **General Mutual Release and Covenant Not To Sue.**

a.   **John Wodzinski,** for himself and on behalf of his attorneys, legal representatives, spouse, dependents, heirs, assigns, successors, executors, administrators, and agents, does hereby IRREVOCABLY AND UNCONDITIONALLY RELEASE, ACQUIT, DISCHARGE, AND COVENANT NOT TO SUE OR OTHERWISE PARTICIPATE IN ANY ACTION AGAINST **the Releasees,** for any and all claims, debts, damages, demands, liabilities, suits in equity, complaints, grievances, obligations, promises, agreements, rights, controversies, costs, losses, remedies, attorneys' fees and expenses, wages, overtime compensation or remuneration in any form, benefits, severance pay, expense reimbursement, tax reimbursement, reinstatement, personal injuries, liquidated damages, punitive damages, and other damages, suits, appeals, actions, and causes of action, of whatever kind or character, including, but not limited to, claims based on or sounding in contract, tort or personal injury of whatever kind or character, and all constitutional, federal, state, local, and municipal law claims, whether statutory, regulatory, common law, or otherwise, including but not limited to claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and any claims for retaliation under the foregoing laws, heretofore accruing, whether known or unknown, whether foreseen or unforeseen, fixed or contingent, liquidated or unliquidated, whether or not arising out of or in connection with the business relationship between Wodzinski and Defendants, for or because of any matter or thing done, omitted, or suffered to be done by the Releasees, for any incidents, including those past and present, which may have existed prior to, or contemporaneously with, the execution of this Agreement, or subsequent to the execution of this Agreement if arising out of conduct occurring before the execution of this Agreement.

Wodzinski further waives any remedy or recovery in any action which may be brought on Wodzinski's behalf by any government agency or other person. Wodzinski hereby covenants and promises that he will not file any complaint or any cause of action or claims whatsoever against Releasees, and covenants and promises not to bring suit for any alleged acts, omissions and/or events that have or may have occurred in any way prior to his execution of this Agreement. Notwithstanding the foregoing, Wodzinski does not waive or release any right to enforce this Agreement.

Nothing in this Release shall prevent Wodzinski from filing any charge, lawsuit or complaint against Defendants or the Releasees for an act and/or omission occurring after the execution date of this Agreement.

3.    <u>No Admission of Liability.</u>

The Parties understand and agree that this Agreement is a settlement and compromise of disputed claims. The Parties recognize that by entering into this Agreement, Defendants or the other Releasees do not admit and specifically denies any violation of any constitutional, federal, state, local, or municipal law, statutory, common law, or otherwise including, without limitation, any violation of the FLSA. This Agreement shall not in any way be construed as an admission of liability by Defendants or the other Releasees.

4.    <u>Settlement Amount, Payment, and Indemnification.</u>

Within five (5) business days after (i) the receipt by Marshall Cox, Jr. of this Agreement fully executed by Wodzinski, and (ii) Marshall Cox, Jr.'s receipt of the Internal Revenue Service forms W-4 and W-9 described below, the Releasees agree:

a.    To pay to Wodzinski the total sum of FIVE THOUSAND and 00/100 DOLLARS ($5,000.00) ("Settlement Sum") in full compromise and settlement of all alleged claims which Wodzinski has or may have against Defendants or the other Releasees.   The Settlement Fund is to be apportioned as follows:

| | | |
|---|---|---|
| 1. | <u>Costs:</u> | <u>$991.92</u> |
| 2. | <u>Fees:</u> | <u>$1,603.52</u> |
| 3. | <u>Recovery to Plaintiff:</u> | <u>$ 2,404.56</u> |

The Parties acknowledge and agree that the Releasees shall report $1,698.24 of the Settlement Sum as wage income to the Internal Revenue Service (and any other relevant governmental agencies) in the year of payment on a Form W-2 or similar form issued to Wodzinski and $1,698.24 of the Settlement Sum shall be paid to Wodzinski for liquidated damages and the Releasees shall report this amount as non-wage income to the Internal Revenue Service by Form 1099 or other applicable form. Wodzinski agrees to submit a properly completed Internal Revenue Service Form W-4 and W-9 to the Releasees before any of the Settlement Sum will be disbursed to him; and

The Releasees agree that the check described above shall be made payable to Anderson2X, PLLC and sent via FedEx with a tracking number, to:

ANDERSON2X, PLLC
819 N. Upper Broadway
Corpus Christi, TX  78401

b. Wodzinski agrees that he shall be solely responsible for any and all attorneys' fees, costs, taxes, interest, and penalties that may be imposed with respect to the Settlement Sum that are owed by him. Wodzinski further agrees to indemnify and hold the Releasees harmless from any and all loss, costs, expenses, interest, payments or penalties, if any, as well as for reasonable attorneys' fees incurred by the Releasees for not paying any taxes owed by him to any tax authority in connection with the Settlement Sum. Wodzinski is not responsible for any federal, state or local tax liability of the Releasees with respect to the Settlement Sum, if any, and the Releasees will indemnify and hold Wodzinski harmless from, and will reimburse Wodzinski for, any and all liability of whatever kind incurred by Wodzinski as a result of any tax obligations of the Releasees, including, but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs. Wodzinski acknowledges and agrees that the Releasees have not made any representations to him regarding the tax consequences, if any, of any amounts received by him pursuant to this Agreement.

5.  <u>Confidentiality.</u>

a. Wodzinski and his attorneys agree to keep the terms, underlying circumstances, and amount of this Agreement, STRICTLY AND COMPLETELY CONFIDENTIAL, and agree that they will not communicate or otherwise disclose same to any other person, including but not limited to, any independent contractor or employee of Defendants (past, present, or future), except as may be required by law or compulsory process; provided, however, that Wodzinski may reveal the terms of this Agreement to his spouse, his attorneys and tax advisors, if any, if Wodzkinski first obtains the agreement of any such individuals to abide by this confidentiality provision. In the event Wodzinski is asked by any other person about the terms, amount, or circumstances of this Agreement, Wodzkinski agrees that he may respond only by disclosing to the effect that "the dispute has been resolved and I cannot discuss anything about it." Any additional statement having the effect of describing or characterizing the terms of settlement set forth herein shall be considered to be a material breach of this Agreement.

b. This confidentiality provision is contractual and its terms are material to this Agreement. In the event Defendants and/or the other Releasees proves in a court of competent jurisdiction that Wodzinski has breached this confidentiality provision, in addition to whatever other damages that may be awarded, Defendants shall be entitled to recover liquidated damages from Wodzinski in the amount of $1,000.00 which the Parties acknowledge equals a portion of the cash consideration provided to Wodzkinski by Defendants under the terms of this agreement. Wodzinski acknowledges that it would be difficult to calculate damages incurred by Defendants as a result of his breach of this confidentiality provision and that this liquidated damages clause is necessary and reasonable for Defendants' protection. In the event that Defendants are successful in any legal proceeding to enforce these provisions, Defendants shall be entitled to recover from Wodzinski their reasonable costs and attorneys' fees incurred in the prosecution of any legal proceeding.

6.  <u>Accord and Satisfaction.</u>

It is further agreed and understood by the Parties that the consideration recited in this Agreement is accepted by Wodzinski in full accord and satisfaction of all damages which he alleges were caused by Defendants and/or the other Releasees. Wodzinski understands that this

**CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT**                    **Page 4**
60802794.1

Agreement is a complete and final release and that no additional payment or relief of any kind or consideration shall ever be given to him by Defendants and/or the other Releasees on account of any claims, controversies or causes of action arising out of or in connection with the business relationship between Wodzinski and Defendants, including but not limited to, any issues relating to wages or compensation allegedly owed to Wodzinski for services performed, and any disputes now existing between Wodzinski on the one hand, and Defendants and the other Releasees on the other hand, whether known or unknown, whether now existing or that might hereafter accrue, against Defendants and the other Releasees, which is, directly or indirectly, attributable to Wodzinski's business relationship with Defendants, and/or any other events and transactions which are the subject matter of, or relate to, the disputes between the Parties.

7.  <u>Waiver of Future Employment Rights.</u>

Wodzinski agrees that he will not seek or reapply for employment or association with Defendants or any entity owned, managed or operated by the Releasees or any of its affiliated entities at any time in the future unless specifically requested in writing to do so by Defendants or the other Releasees. Wodzinski further agrees that if he seeks an association with Defendants or any entity owned, managed or operated by Defendants or any of its affiliated entities in violation of this paragraph, Defendants or such related entity shall have a legitimate and valid reason not to enter into such an association without any legal recourse by Wodzinski.

Provided, however, that this prohibition shall not affect Wodzinski's rights to contract with, become employed and/or remain employed with entities not currently owned by Defendants or any of the Releasees that are acquired by Defendants or any of the Releasees through merger, acquisition, or otherwise after Wodzinski contracts with or begins employment with any such entity.

8.  <u>Encouragement of or Assistance with Other Claims.</u>

Wodzinski agrees that he shall not encourage other individuals to pursue claims of any nature against Defendants or the other Releasees, nor shall he assist or participate in any way in the assertion (whether by way of litigation proceedings, with an administrative agency, or negotiation between any individual and the Releasees) of any claims by any individual against Defendantsor the other Releasees. It shall not constitute a violation of this paragraph if Wodzinski provides testimony where compelled to do so by subpoena or court order.

9.  <u>No Reservation of Rights.</u>

In construing this Agreement, the Parties stipulate and agree that it is their intent that Wodzinski releases and discharges and forever holds Defendants and the other Releasees harmless from any and all claims, controversies and causes of action and any and all disputes now existing between Wodzinski on the one hand, and Defendants and the other Releasees on the other hand, without any reservation of rights whatsoever.

10.  <u>Attorneys' Fees and Costs.</u>

Notwithstanding any other part of this Agreement, it is further agreed and understood by Wodzinski that any and all claims for attorneys' fees or costs are satisfied by the consideration

paid herein by the Releasees to him and/or his attorneys, and that he and his attorney hereby release any claim against Defendants for all such monies.

11.     <u>Attorneys' Fees in the Event of Breach.</u>

The Parties agree that should a Party to this Agreement sue the other Party to this Agreement for a breach of any provision of this Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs of court. The Parties hereby agree that each Party shall have the right to sue for specific performance of this Agreement, including but not limited to declaratory and injunctive relief.

12.     <u>Waiver.</u>

One or more waivers of a breach of any covenant, term, or provision of this Agreement by any Party shall not be construed as a waiver of a subsequent breach of the same covenant, term or provision, nor shall it be considered a waiver of any other then existing, preceding, or subsequent breach of a different covenant, term, or provision.

13.     <u>Invalid Provision; Language Construction.</u>

Whenever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be invalid, illegal, or unenforceable in any respect under any applicable law or rule in any jurisdiction, such invalidity, illegality, or unenforceability will not affect any provision in any other jurisdiction, but this Agreement will be reformed, construed, and enforced in such jurisdiction as if such invalid, illegal, or unenforceable provision had never been contained herein. The Parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

14.     <u>Authority.</u>

Wodzinski, on behalf of himself, and each of his respective authorized agents or representatives, predecessors, successors, assigns, spouse, dependents, heirs, executors, administrators and legal representatives, hereby represent, acknowledge, and expressly warrant: (a) that he is legally competent and authorized to execute and carry out the terms of this Agreement; (b) that he is the sole legal owner of all right, title and interest in and to all claims which he has and/or may have asserted against the Releasees; (c) that he has full right and authority to execute this Agreement and bind to the Agreement to his respective spouse, dependents, heirs, administrators, attorneys, representatives, executors, successors and assigns; and (d) that he has not assigned, pledged, or otherwise in any manner, sold or transferred, or purported to assign or transfer, either by written instrument or otherwise, to any person or entity, any right, title, interest or claim, or any portion thereof, which Wodzinski has and/or may have against the Releasees, or may have by reason of any matter described in this Agreement.

15.     <u>Entire Agreement.</u>

The Parties understand and agree that this Agreement constitutes the entire Agreement of the Parties, and supersedes any and all prior and contemporaneous negotiations, understandings

and agreements, oral or written, between the Parties with respect to the subject matter hereof. All prior and contemporaneous negotiations and agreements with respect to the subject matter hereof are deemed incorporated and merged into this Agreement and are deemed to have been abandoned if not so incorporated. No representations, oral or written, are being relied upon by any Party in executing this Agreement, other than the express representations contained herein. This Agreement cannot be changed, amended or terminated except pursuant to a written agreement executed by all of the Parties affected by the change, amendment or termination.

16. <u>Governing Law.</u>

This Agreement is performable in the State of Texas and shall be governed and construed according to the laws of the State of Texas, except to the extent preempted by federal law.

17. <u>Successors and Assigns.</u>

This Agreement shall be binding upon all Parties, including but not limited to, their respective heirs, administrators, attorneys, representatives, executors, successors and assigns, and shall inure to the benefit of Defendants and the other Releasees, and each of them, and to their respective current and former owners, officers, directors, servants, representatives, agents, administrators, attorneys, employees, predecessors, successors, assigns, parents, subsidiaries, affiliated or related entities and insurers.

18. <u>Counterparts.</u>

It is understood and agreed that this Agreement may be executed in multiple originals and/or counterparts, each of which shall be deemed an original for all purposes, but all such counterparts together shall constitute one and the same instrument.

19. <u>Further Assurances.</u>

The Parties hereto agree to execute and deliver any and all other documents, releases of claims, instruments, agreements and other writings that may be reasonably requested to effectuate the Agreement and undertakings herein contained.

20. <u>Statement of Understanding</u>

By executing this Agreement, Wodzinski acknowledges that (a) he has been advised in writing to consult with an attorney prior to executing this Agreement; (b) he has consulted with, or has had sufficient opportunity to consult with, an attorney of his own choosing regarding the terms of this Agreement; (c) this Agreement has been explained to him by his attorney; (d) he has had sufficient time within which to consider the terms of the Agreement; (e) any and all questions regarding the terms of this Agreement have been asked and answered to his complete satisfaction; (f) he has read this Agreement and fully understands its terms and their meaning; (g) the consideration provided for herein is good and valuable and is in addition to anything of value to which he is entitled in the absence of this Agreement; and (h) he has entered into this Agreement voluntarily, of his own free will, and without any coercion, undue influence, threat or intimidation of any kind or type whatsoever.

*[Remainder of this page intentionally left blank.]*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by them and their duly authorized agents.

By: _____   Date: Jan 15, 2018 _____

**JOHN WODZINSKI**

Cox Security Group, Inc., by and through its duly authorized undersigned representative, hereby accepts and agrees to the provisions of the foregoing Confidential Settlement and Release Agreement on its behalf and on behalf of the other Releasees.

**Cox Security Group, Inc.**

By: _____   Date: 2-10-18 _____

Printed Name: MARshall Cox

Title: _____

**Cox Security Group, LLC**

By: _____   Date: 2-10-18 _____

Printed Name: MArchall Cox

Title: _____

**Marshall Cox, Jr.**

By: _____   Date: 2-10-18 _____

Printed Name: MARshall Cox

Title: _____