**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JOHN WODZINSKI,** | Case No. 2:17-cv-404 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Jolson |
| **COX SECURITY GROUP, INC., et al.,** | |
| Defendants. | |

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal. (Doc. 23). The Court **GRANTS** the Joint Motion.

**I. Factual Background**

In this putative hybrid class and collective action, class representative John Wodzinski sued Defendants, Cox Security Group, Inc., Cox Security Group, LLC, and Marshall Cox, Jr. (collectively "Cox") for violations of Ohio wage-and-hour law, Ohio Rev. Code § 4111.01, et seq., and the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201, et seq. Wodzinski never sought to certify this as a class action or collective action. The parties now ask the Court to approve their settlement agreement.

The claims underlying the collective-action settlement agreement are typical FLSA claims. Wodzinski worked for Cox for about six months. Cox paid Wodzinski a daily rate, even if Wodzinski worked more than 40 hours a week. Wodzinski alleges that he was Cox's employee, and he wasn't an employee exempt from overtime-pay requirements. Thus, Wodzinski alleges Cox violated the FLSA by failing to pay him for the overtime he worked.

It appears from the docket that the parties have conducted little discovery, and it's not clear how much Wodzinski thinks he's owed. The most helpful indication is an allegation in the Amended Complaint that Wodzinski worked "long hours," regularly working a "minimum of 84 hours per week." (Am. Compl. at ¶ 66, Doc. 8).

After Cox failed to respond to the Amended Complaint, Wodzinski moved for entry of a default, (Doc. 14), which the clerk granted, (Doc. 15). Shortly thereafter, Cox was finally served. (Doc. 17). The parties moved jointly for approval of a settlement agreement about three months later. (Doc. 23). Wodzinski's counsel states that Cox has already tendered payment per the terms of the settlement agreement. Cox agreed to pay $5,000 to Wodzinski and his attorneys, split about 50/50.

## II. Discussion

One of the purposes of the FLSA is to "protect[] workers from substandard wages and oppressive working hours." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are mandatory, which means they can't be waived, bargained away or modified, *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704–08 (1945), except when the Secretary of Labor supervises the FLSA claims, 29 U.S.C. § 216(c), or when a federal district court approves a settlement, *see* 29 U.S.C. § 216(b).

This case falls under the second exception: district court approval of a settlement. When reviewing an FLSA settlement, "the federal district court must 'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Sharier v. Top of the Viaduct, LLC*, No. 5:16-CV-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (quoting *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (alteration in original)). Instead of negotiating around the FLSA's requirements, there must exist a bona fide dispute between the parties. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13CV2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014).

The court must also "scrutinize[e] the settlement for fairness." *Lynn's*, 679 F.2d at 1353. This fairness inquiry often leads courts to consider a number of relevant factors. Some courts borrow from fairness inquiries of class-action settlements. *See, e.g.*, *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008) (analyzing FLSA collective-action settlement) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007) (analyzing Rule 23 class-action settlement)). Other courts pare down the list of factors to those relevant to a collective action: "the risk of fraud or collusion, the complexity, expense, and

likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *Schneider*, 2014 WL 2579637, at *2 (citing *Crawford*, 2008 WL 4724499, at *3). "In summary, district courts must evaluate FLSA settlements for fairness, and must not simply rubber-stamp them as approved." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015).

Here, there's not a lot on which the Court can evaluate this settlement for fairness. But, that's because the parties have so far spent little in legal fees and conducted little discovery. But it appears, from what the Court knows, that the parties did have a bona fide FLSA dispute that they resolved through a reasonable settlement. There's little risk of fraud or collusion here: Wodzinski appeared ready to move for a default judgment after receiving an entry of default against Cox. While this single-member FLSA case wasn't likely to be complex, it would have been much more expensive had it proceeded past this early stage. The parties have completed little discovery. Wodzinski, his counsel, and Cox all agreed to the settlement and think that it's reasonable and fair to compensate Wodzinski for his claims.

The Court doesn't have time logs for Wodzinski to see how much he worked, or an hourly rate to calculate how much he might have been paid, or legal arguments on whether he was an employee or independent contractor, or much else to determine whether and how much Wodzinski was likely to recover. From that standpoint, it's difficult to tell if the approximately $2,500 he's getting is reasonable. But the parties state in their motion that "Plaintiff has been adequately compensated for damages in light of the facts and circumstances underpinning his claim." (Joint Mot. at 3). For about six months' worth of FLSA violations, it is unlikely but possible that $2,500 covers 100% of Wodzinski's claim. But if he litigates his claims, Wodzinski might not recover anything. Considering the time, expense, and uncertainty avoided by settling, the settlement appears reasonable and fair.

Wodzinski's attorneys are receiving a fee of about $2,500. While they don't submit affidavits or time logs, Wodzinski's attorneys represent that they're charging less than $175 per hour in this matter, which is below their normal rate. And at this stage, they've only expended a little over 15 hours on this litigation, a number certain to inflate if the case proceeded to discovery. So while Wodzinski's lawyers are receiving a little more than Wodzinski himself, their fees are significantly less than what lawyers receive in many FLSA cases. Here, the lawyers have resolved

the matter, gained a result for their client, all without expending copious resources. That's reasonable, and their fee appears to be so too.

To summarize, the Court finds that this settlement is the result of an arms-length negotiation over a bona fide FLSA dispute. The settlement is fair, and the parties do not appear to be merely bargaining around the requirements of the FLSA.

### III. Conclusion

The parties' Joint Motion for Approval of Collective Action Settlement is **GRANTED**. (Doc. 23). The parties' settlement agreement is **APPROVED**.

It is further ordered that this case is **DISMISSED WITH PREJUDICE**. The clerk is directed to close the case.

IT IS SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: April 16, 2018